The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Thank you. Be seated. Good morning, everyone. The first case this morning is number 09718, Carpenter v. DVA. Mr. Stokes. Thank you, Your Honor. Good morning, and may it please the Court. The Veterans Court erred in this decision by stepping into the Secretary of Veterans Affairs' shoes and providing the reasons as to why the government was substantially justified at the litigation stage of the proceedings in defending his position. 28 United States Code Section 2412D1A and B require that the Secretary bear the burden of showing that his position was substantially justified since Appellant has alleged the Secretary was not substantially justified. But the opinion itself acknowledges that the burden rests on the government's shoulders explicitly. So why isn't this simply an appeal of the application of a clearly articulated correct rule incorrectly? Because what ended up happening, even though the correct standard was articulated, the correct standard was not followed. That's application. That's application of law to fact. That's beyond this Court's jurisdiction, Counsel. I disagree, Your Honor. I respectfully disagree, Your Honor, with that characterization. I think that once the Veterans Court starts to step into the shoes and once it starts to provide that reasoning, it misinterprets what 2412 requires. It requires the burden to be on the Secretary. I agree that the Court articulated that, didn't it? It articulated that the burden rests on the government. I don't think that there's any question in this case that the burden does rest on the government. It's a matter of whether or not the Court correctly interpreted the statute. Just because it says what the correct standard is doesn't mean that it followed the law. But not following the law is the classic case of application of law to fact. And that's just not something our jurisdictional statute allows us to touch upon. But at the end, the statute was misinterpreted because they didn't follow the statute. They misinterpreted what was required, what they were required to do as a court, was a complete misinterpretation of 2412 and the longstanding jurisprudence of this Court and the Supreme Court. It can't become an application until there's a misinterpretation of the law. Okay, Counsel, let me explain to you something. Suppose that a statute says you can't drink unless you're 21 years of age. And the Veterans Court acknowledges that you can't drink unless you're 21 years of age. That's what the statute says 100%. That's correctly what the statute says. There's no doubt they understand what that means. But they then go on to find someone who is 22 years old guilty of having violated the law. Now, is this an error of application of law to fact or an error in their interpretation of the 21-year-old limit? I believe that in that case it would be an application of law to fact. But that presupposes that they did apply the correct interpretation along the way or that the correct interpretation of the statute was used. The correct interpretation here is not. Just because the court pays lip service, if you will, to the fact that the burden rests upon the government, and again, I don't believe that's in dispute here, just because it pays lip service to that and then goes on in the next breath to completely throw that aside would be a misinterpretation. It's not that they misinterpreted in your example, Your Honor, that they misinterpreted the law being 21 years old to drink. They said, we understand you. And then they go on to say that a 22-year-old, if their only reasoning in that case was that he's 22 and therefore he was underage, if their only reasoning was that, then they would have misinterpreted the statute. And I think that it would fall outside of the range of an application of law to fact. Because their only justification was a complete misinterpretation of the law. Just because they said they were interpreting it correctly and then misinterpreted it still means they misinterpreted the law. Well, let me ask you a more fundamental question, and I appreciate that you wouldn't have diverted your argument in presenting it, but what I have been thinking about in considering the statute authorizing this court to review appeals from the Veterans Court, that we are indeed precluded, as Judge Moore commented, from reviewing the application of the law. Now, the law whose application we're precluded from reviewing are the various laws that apply to veterans. This is a different law. This is the Equal Access to Justice Act that applies to all claims involving the government, no matter what. Nevertheless, do you accept the position that if indeed there are factual premises in deciding whether the Equal Access to Justice Act applies, that it comes under our authorizing statute for veterans' appeals, or that it comes under the general statute for the Equal Access to Justice Act? I believe that Your Honor is correct that it would come under the general statute of the Equal Access to Justice Act. I mean, I sort of set that up without much chance to think about why should that be. Well, because this is a matter, and I think, I hope that I answer, let me preface this with I hope that I answer your question by answering it this way. This is not a substantial justification case. If this were a substantial justification case, if this were a question of whether the secretary were substantially justified, then I think that we would be precluded. It would be an application of a lot of fact. We would be asking, essentially, this court to go in and start fact-finding for the veterans' court. But it's always a substantial justification case, isn't it, even on the theory that it was based on a different premise? Because it's a matter of whether the secretary pled that he was substantially justified correctly, I believe that this is actually a burden case, whether or not according to the statute. And if you review it under the general statute of EJA, I believe that that would be a correct way to look at this. But even if you were inclined not to look at it under the statute of EJA, at the end of the day, this is still not an application of a lot of fact because we're not disputing that the secretary was substantially justified. The Veterans' Court found that the secretary was substantially justified. We're not here to talk about that. We're here to talk about the way the court found that the secretary was substantially justified. And the way the court found that the secretary was substantially justified, even though the court correctly articulated the standard, doesn't mean that they interpreted the statute correctly. No matter what standard that would be under, whether it's under the general authorizing statute of this court or whether it's under the veterans, whether it be the same way the court would review veterans' cases. At the end of the day, it's still a pure question of law because it's still a question of what burden the secretary has to bear. So, Your Honors, and again, without having a lot of time to think about it, I believe Your Honor is correct that under the general Aegis statute, this court would still have jurisdiction, and perhaps that would be an easier way to get review. Okay, I don't know the answer to that. It's a question. Yes, Your Honor. The way that we briefed this, both in the opening brief and in the reply brief, we drew an analogy to Andrews v. Nicholson, which applies a stringent standard on the appellant's bar in CUE cases. There's a specific pleading requirement for represented veterans with CUE cases. That specific requirement, or something similar to that, should be applied in this case. The secretary should not be able to come in and say, there's a broad totality of the circumstances test, therefore we were substantially justified, and then the court go off and say, no, it's because Carpenter 2 broadened the law and because of Roberson and Stanley, et cetera, and all the reasons that they gave, which are nowhere to be found in the secretary's pleadings. Again, it gets back to the fact that, and again, no matter which way the court chooses to look at it, whether it's under the general aegis statute or whether it's under 7292 and the veterans case statute, no matter which way you look at it, it's still the veterans court misinterpreting 2412. How do you get around Clemens?  The Clemens case. What specifically in Clemens are you talking about? The fact that it's a discretionary call? Oh, I'm sorry, your honor. It may well be a discretionary call at its ultimate conclusion. And much of the case law, the White case, for example, that we discussed in our brief and that the secretary brought up as well as the several other ones cited, Pierce, et cetera, it is a discretionary call at the end of the day, but that discretion, though it lies with the court, has to be reliant on something that the secretary did plead. In other words, there's a burden on the secretary. We're not here to dispute that. And it's largely discretionary, but at the end of the day, even if the court can rely on a totality of circumstances, the secretary, because of the pleading requirement, would have to articulate the circumstances that would constitute that totality of circumstances. So yes, at the end of the day, the veterans court is going to have broad leeway, but it still can't just completely step into the shoes and come up with its own reasoning. So I don't think that Clemens or Pierce or any of the other cases that were cited by the secretary, I don't think that they go to the point, just because it's ultimately at the discretion of the veterans court, I don't think that that excuses the secretary's pleading requirement. Once again, the veterans court came in and improperly interpreted Section 2412 by stepping into the shoes and articulating the reasons that the secretary was substantially justified. Again, it is not a matter of whether the secretary ultimately, or if this court believes or the veterans court believes, that ultimately the secretary was substantially justified. It's a matter of the interpretation of the statute and whether or not the secretary met his specific pleading requirement. Why should it make a difference at which level it's decided that after all the secretary was substantially justified? Because if the correct interpretation of the law, under the correct interpretation of the law, the secretary didn't meet his burden. Again, the way that I had articulated this in the briefing is as if it were answers, because as appellant's counsel I'm very familiar with having to specifically plead CUE. If I don't specifically plead it, that doesn't mean that there's not CUE in the decision. That doesn't mean that the board or that the VA committed clear and unmistakable error. It means that I didn't do my job. I didn't plead it specifically and the court can't dig in there and find CUE for me. And if it does, that would be improper and the secretary would rightfully probably run to this court and say no, the court came in and fulfilled Mr. Stolz's pleading requirement for him and they shouldn't have done that. And so ultimately, Mr. Carpenter was harmed here because if the court were to grant what we asked and reverse the veterans court's legal conclusion, it would result in an award of fees because it would go back and require the secretary to plead what he's required to plead by the statute. Okay. Let's hear from the secretary. Thank you. Ms. Rademan. May it please the court. This is an as-applied case, an application of law to facts, which is beyond this court's jurisdiction. The structure of this... In that case, I'm going to interrupt you and ask you the same question that I asked Mr. Stolz. Why should there be a different law for application of the EJ when it happens that these are veterans' cases than in any other kind of case to which the EJ is applied? The answer, Your Honor, is because 7292 is a specific limitation on this court's jurisdiction in veterans' cases, which have a unique... To review facts related to the merits of the veterans' claim. Right. This court cannot review the application of law to facts in veterans' cases. It's a unique jurisdictional statute and... The application of veterans' law to fact. This isn't a veterans' law. This is a general law. That's correct, but the more specific jurisdictional statute that is a limitation on this court's authority would apply, in our judgment, to limit this court's jurisdiction so that it cannot review an application of law to facts. Counsel, might you argue that any appeal we get from the veterans' court would be governed by 7292, and so whether it's addressing due process or attorney's fees  related to veterans' law, nonetheless, the limits of our jurisdiction would extend to all of those cases? Yes, because jurisdiction... When Congress grants jurisdiction to a court, it's a waiver of sovereign immunity, and the terms of that waiver are to be strictly construed, and so that in veterans' cases, which is a unique scheme, this court's jurisdiction is limited. And it makes ultimate sense here because the structure of the veterans' court's decision at Appendix 1 to 9 shows that the court did articulate the correct burden and went through five pages of analysis and ultimately concluded that the secretary's reason, contrary to what Petitioner says, the secretary did give reasons, that this was a case of first impression on the underlying entitlement issue Let's go back to looking at what Mr Stoltz argued in particular, which is that this is not application of law to fact. You're asserting that it is application of law to fact and therefore beyond our jurisdiction. And let me ask you this. Suppose that the secretary really did... It's apparent to us from the opinion that there is a misinterpretation. Even though the secretary said the burden lies on the government, it's clear that the secretary seemed to think it could fill in. And suppose that the government didn't in fact make any argument related to case law, Stanley, or anything else. And suppose the secretary... I'm sorry, the veterans' court, it's clear from the opinion, seemed to think that it was allowed to fill in the missing parts of the government's substantial justification to substitute its own view of what is the substantial justification for that of the government. So even though they say the burden is on the government, I mean, that's sort of a throwaway sentence at the beginning of the opinion, it's then crystal clear beyond dispute that the government never argued any of what came later. So how could that not be a matter of regulatory interpretation when it's clear that the veterans' court was misinterpreting the reg by believing that it was still doing something that felt within the reg, i.e. putting the burden on the government, even though it would be clear to us that's not what this is. Is that law to fact or is it regulatory interpretation? Because this is something I struggle with in a vast majority of the veterans' cases. It's not unique to this one. It's when is application of law to fact not just application but really a clearer example of a regulatory interpretation. The Libas case that we cited, it's not a veterans' case, but it's helpful because there the court basically said, you know, if the government didn't give any reasons and the trial-level court didn't explain the basis for its denial of fees, that would be a different case. Here under AJA, the statute puts the burden on the trial-level forum to award fees unless the court finds that the government was substantially justified. And here I note that Petitioner concedes that the government was substantially justified. They're not challenging that. But the question about whether it's an application of law to fact is kind of a case-by-case analysis. And here I also want to point out that there were two sets of briefings in this case, in 2002 and 2007 on the attorney fee issue. And those briefs are in volume two of the appendix. The secretary gave extensive arguments in support of why the Carpenter's decision in 2006 was a case of first impression. It was unprecedented. So the fundamental premise of Petitioner's argument is just totally incorrect. You've moved away without actually answering my question, though. And I do understand and appreciate your arguments, and they're certainly relevant to this case. But I guess my question goes more to the issue of, really, what are the reaches of our jurisdiction? And as properly framed, has Appellant made an argument within the reach of our jurisdiction because he is saying that while they parroted or gave lip service to the notion of the government having the burden, they then went forward and provided the government's burden for it. And I'm not asking you whether that's true or not, because I know you think it's not. I know you think the government met its burden. But what I'm asking you is, if that were true, would this be a case that we had jurisdiction over? There are two parts to my response, Your Honor. One is the court, I think, has to look beyond perhaps artful pleading or creative lawyering when lawyers come in, particularly in veterans' cases, arguing that there's a legal issue. And here, for example, the veterans' court issued no new rule of law or legal issue. So in essence, the court really has to parse through what is in the briefs to see what the true nature of the claim is, whether it really is a legal issue over which this court would have jurisdiction or not. Well, that's the question you've been asked. Of course, we know that. That's what she's asking. How do we get there? What's your answer to the question? It's a case-by-case analysis in terms of looking at the briefs to see, well, did the court of veterans, did veterans' courts announce a new rule of law? Did the veterans' court explain, give a new explanation or expand upon the statutory definition? Look at actually what the veterans' court below did. Did the, for example, under 7292, the court- On that last one, you would agree with the appellate. No, the veterans- He said that they did what the government should have done, and that was the error. No, we do not agree with Petitioner there, Your Honor, because- I know you're saying that that was wrong, but that's his theory of the case, and you agree with that. What did they do? What did the veterans' court do? The veterans' court articulated each law, what the burden was upon the secretary, went through an analysis of the chronology of the case and the various positions that the secretary had taken in response to the petitioner's arguments. Again- You're saying, I don't want to interrupt the recitation, but you're saying that we do then actually have jurisdiction to review what transpired. I thought your position when you started out is that this whole array of possibilities is beyond this court's jurisdiction because it applies to a lot of facts. If, for instance, there were- Let's say it turns out that it looks as if there were a violation of Rule 11 somewhere along the way, which would surely then be something that could incur attorney's fees. I thought your position was that we have no authority to review the facts in order to determine how egregious the violation might have been. Is that accurate or not? The court has jurisdiction to decide whether it has jurisdiction, and often in these veterans' cases, that's the first- That wasn't what I asked you. Order of business. I asked you if we have authorization to review the facts to determine how egregious the misapplication of justice was. No, I think the standard is no, unless the veterans' court relied upon clearly erroneous facts. Are we going to know that unless we find out if they're clearly erroneous, which means reviewing the facts? That's a rare category of cases, a very extreme example of where the court might- Please answer the question. Yes. That's what happens in all these cases. Yes, the court has to look at the case and the facts to decide what is the real issue. Is it an issue of law or is it an issue of fact? If it's the latter, then the court cannot have jurisdiction to review those. Even though it turns out upon review that there was an egregious violation? You're saying we can look at it, but we can't do anything about it? Just give me one moment, please, Your Honor. That's correct. We've cited and quoted parts of 7292 at pages 20 to 21 of our brief, and there are very strict limits on the court's jurisdiction. It permits review only if there's an interpretation of a statute upon which the veterans' court relied in making its decision. In this case, the court- What are you referring to? Page 20 of our brief, we've quoted parts of 7292C, limits the court's jurisdiction severely to an interpretation of a statute upon which the court relied. There's nothing here that the veterans' court relied upon any interpretation of statute to reach this decision. It was purely an application of a lot of the facts of this case. So you're saying we're allowed to review, and if our review turns out that the government's position was not substantially justified, too bad. We can't do anything about it? No, Your Honor. You're allowed to review to decide if you have jurisdiction, and here what we're arguing is there is no jurisdiction because it's a pure application of a lot of facts. So then you agreed with what I said, too bad, can't do anything about it. That's right. If the veterans' court finds that the government was substantially justified- It's not substantially. That the government was substantially justified. I would say that our review shows a violation of Rule 11, a clear overstepping that, nonetheless, that is a fact. Actually, Your Honor, the Rule 11 hypothetical that you've posed is something outside of the construct of the whole veterans' scheme for administrative and judicial review. So that would be a different beast altogether, I believe. That was my first question. So a different standard might apply. Do we apply straightforward EJIA standards to a review of a petition brought under the EJIA? Under EJIA law, not veterans' law. Yes, if the court first determined it had jurisdiction, that's the threshold question. Counsel, I'm confused. You just said yes to Judge Newman, but I really think you meant to say no. I think you meant to say no because what you just said is very inconsistent with what you said earlier. And so I want you to make a clear record here that you didn't just admit away the government's argument. I believe that you're saying that EJIA, in this case, arises purely under our jurisdiction to review the veterans' court decision. And as such, we are limited. And even if we could, in a normal EJIA case, reach fact findings and review them, we can't do it here because of the nature of 7292. That's what I understood you to say earlier. Are you changing that position now? No, that's correct, Your Honor. 7292 is a unique jurisdictional statute, unique to the veterans' context, unlike any other statutory scheme that I'm aware of that places strict limits on the court's jurisdiction. And leaves to the Court of Veterans' Appeals a whole wide range of cases, including one like this, which is really a straightforward application of law to fact over which the court would lack jurisdiction. And I would just, in closing, point out that- 7292 doesn't make any exception for veterans' cases as opposed to all the others that occur in all the other courts in the system. I'm sorry, Rule 11 doesn't? 2412. No, but the more specific statutory scheme of 7292 would control over 2412. Otherwise, the 2412 would just swallow up the jurisdictional limits that Congress has placed upon this court in veterans' cases. So you think that everybody is entitled to access to justice except veterans? No, that's not correct, Your Honor. Perhaps it was unfair, but you did say that the statute doesn't apply? You said that it's superseded by the veterans statute. I don't recall that in any of these statutes. With respect to jurisdiction, Your Honor, but the Veterans Court applies EJIA in its cases, and Congress has determined that that's the end of the road for veterans, unless the Veterans Court announces a new rule of law or there's a legal issue, which there is not in this case. So we respectfully request that the Court affirm the Veterans Court's decision. Okay, thank you. Any more questions, Ms. Vanderman? Thank you, Ms. Vanderman. Mr. Stolz. Thank you. I would like to point out, and I know that this was not in my pleadings below, but given the course of the oral argument, I did take a quick look at White v. Nicholson. It does not appear that they reviewed that under 7292. It appears that they reviewed that under the arbitrary and capricious standard under 2412, and that was indeed a Veterans Court decision. If the Court would like further briefing on this, I am more than happy to provide it, should the Court so order. But getting back, if this Court were to review it under the scheme articulated by the Secretary and under 7292, getting back, I believe I gave something of an unsatisfactory answer to Judge Moore's question about the hypothetical about the 22-year-old. The other way to look at that is to say that in this case the Veterans Court expanded 2412, thereby misinterpreting the statute that was promulgated by Congress. If I'm to understand your hypothetical correctly, the Court would have said, yep, 21 is the legal drinking age, but this 22-year-old is guilty. That would be an unlawful expansion of Congress's law, assuming that that was Congress's law and not, you know, tied to highway funding. Or would it just be a mistaken application? It would just be a mistake in the application. It would absolutely depend on what happened. I think that it would depend on what happened with the Court. I think it would depend on what the Court said. If the Court went in and said this is the correct standard and then went off on its own, I think that you would have to look at that as something that the Court just sua sponte did. Even though Congress, they're wrong. Congress promulgated 21 as the drinking age. Congress specifically intends for the burden to be on the Secretary in this pleading requirement. There's clearly three different categories of things, counsel. There's questions of law, like regulatory interpretation, which are really straightforward. And there are fact findings, which are equally straightforward most of the time. And then there's this hinderland in the middle that is application of law to fact. And it seems to me that something has to be done about this. But honestly, it's almost like you've got to parse it down the middle and put half of them this way and half of them that way, because sometimes I think application of law to fact can exhibit an improper regulatory interpretation. In other instances, it does not. And those are the hardest cases. And you're coming to me arguing that this clearly falls in that middle land. Whether you'd like to acknowledge it or not, it does. And the question is, do I push it this way or that, recognizing that I think things in that middle land can go either direction. I would answer that question saying, and certainly it's tough. Obviously, it's hard, the application of law to fact. I think that in the facts of this case, because what the court did was so apparent that they pled on behalf of the government. And because pleading requirements are reviewed by this court, they're reviewed in CUE settings. And they're reviewed, again, assuming that we're under 7292. And each of the cases have been reviewed by this court. For example, White, CUE, and CUE's not a veterans case, but White, and some of the other cases cited by the secretary. Because there is a longstanding history of the court looking at these, and because the veterans court did exhibit a, and it may be that two minds can look at it two different ways, but the court did exhibit an expansion of 2412. Congress set specific boundaries in 2412. And one of the specific boundaries, and this has been found, and again, I think because it's been found so many times, and we're not even arguing today, that the secretary bears the burden of the pleading requirement. And because a pleading requirement is something that courts review, appellate courts review all the time, and standards of proof are legal questions. Because those are all legal questions, and those are all statutory interpretations. That in this case, even if it's a close call, because of what the court did, it falls under the rubric of statutory interpretation. And I would submit that it's closer to my articulation of the 22-year-old drinking statute. I think that a person looking at that wouldn't be, wow, that court is just so wrong that it thinks that the drinking age is 22. I think that the way to look at it, because it's a court, because it's filled by lawyers, I think the only reasonable approach to that would be, wow, they expanded Congress's intent. They looked at Congress's law, and then they were, for lack of a better and less politically charged word, they were activist judges and decided their own way. And when they decided their own way and became that activist as a court, they have now misinterpreted the law because they contravened what Congress intended. Again, assuming that we're under the 7292 statute. And because what the Veterans Court did here was certainly, and I don't believe that this has been disputed, they have, at least at oral argument today, they did plead on behalf of the Secretary. They did step into the Secretary's shoes. A court stepped in on behalf of the government and provided the reasoning for it. I think that that is such an expansion of 2412, and so activist, that it can't help but be an interpretation of the statute, a misinterpretation of the statute. The court has an obligation to come out right. If they see that something is clearly wrong, that the reasoning is seriously flawed, they can at least send it back for further proceedings based on what might be the court's position. But if the answer is clear on the court's position, I don't think courts are precluded from reciting a different theory. Of course, I do think this is the difficulty with this case on all the premises on which it's presented. But it might well be that under other circumstances, attorneys' fees might be justified because of the surprise element. But surprise in judicial proceedings can almost be ameliorated just by providing time and briefing and argument and all the rest of it. I believe that that presupposes that this was such an egregious case that the government was so justified that the court had to step into its shoes. That's an interesting question. It's a question of fact, isn't it? It would be more of a question of fact, which is what? And that's a question of the facts of the premises of the veterans' case, which I agree are not subject to our review. Right. But I think that in that instance, I think that that would be the difference between the way the Secretary characterized what we said in our pleading and what we're actually pleading. It's not necessarily that they... We're not conceding the government was substantially justified. We're conceding that the Veterans Court did find this fact that they were substantially justified. So they did make that finding. But the problem is not the ultimate conclusion. The problem is that they have to follow statutes outlined by the United States Congress to reach the result that they reach. And so it's not an ends question. It's a means question, much like the CUE pleadings. Okay. We're short of time. Any more questions? So, any more questions? Okay. Thank you, Mr. Stolz. Thank you, Your Honor. Thank you, Ms. Vandermeer. This has taken a recent meeting.